**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Harry Williams, Appellant,

v.

Allegis Group & American Home Assurance, Respondents.

Appellate Case No. 2011-184146

———————————

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-530
Submitted August 1, 2012 – Filed September 19, 2012

———————————

**AFFIRMED**

———————————

Thomas Pinckney Bellinger, of McWhirter Bellinger & Associates, PA, of Lexington, for Appellant.

Stephen Lynwood Brown, Francis Drake Rogers, III, and Russell Grainger Hines, all of Young Clement Rivers, LLP, of Charleston, for Respondents.

———————————

**PER CURIAM:** Harry Williams (Employee) appeals the circuit court's order affirming the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) awarding him fifteen percent

permanent partial disability for his back. On appeal, Employee argues the circuit court erred in finding substantial evidence exists to support the Appellate Panel's finding Employee was not entitled to permanent total disability for his back. Because we find substantial evidence exists to support the circuit court's order affirming the Appellate Panel's finding Williams was not permanently and totally disabled and his injury was limited to his back, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the circuit court erred in finding substantial evidence existed to support the Appellate Panel's finding that the injury was limited to the back: S.C. Code Ann. § 42-9-10 (Supp. 2011) (providing three ways for a claimant to obtain total disability); S.C. Code Ann. § 42-9-30 (1976 and Supp. 2011) (providing for scheduled member injuries); *Singleton v. Young Lumber Co.*, 236 S.C. 454, 471, 114 S.E.2d 837, 845 (1960) ("Where the injury is confined to the scheduled member, and there is *no impairment of any other part* of the body because of such injury, the employee is limited to the scheduled compensation, even though other considerations such as age, lack of training, or other conditions peculiar to the individual, effect a total or partial industrial incapacity. To obtain compensation in addition to that scheduled for the injured member, claimant must show that some other part of his body is affected." (emphasis added)).

2.     As to Employee's loss of earning capacity argument: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive); *Therrell v. Jerry's Inc.*, 370 S.C. 22, 26 n.2, 633 S.E.2d 893, 895 n.2 (2006) ("To seek a general disability award, a claimant who has suffered a scheduled injury must show that the injury affects some other part of his body *and* has resulted in a loss of earning capacity." (citing *Singleton v. Young Lumber Co.,* 236 S.C. 454, 471, 114 S.E.2d 837, 845 (1960) (emphasis added))).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.